ERNST ROTTMAN v. STATE OF NEBRASKA.

FILED JANUARY 22, 1902.   No. 12,315.

1. **Intoxicating Liquors:** KEEPING: GRAVAMEN: INFORMATION: EVI-
DENTIAL FACT. In a prosecution under section 20, chapter 50,
Compiled Statutes, 1901, the keeping of intoxicating liquors for
sale without a license or permit is the gravamen of the offense,
and the averment in the information that some of the liquors
so kept were in fact sold is only the needless statement of an
evidential fact.

2. **Juror:** OPINION. Where a juror has formed an opinion from read-
ing newspaper accounts of the transactions in which a criminal
prosecution had its origin, he is not, for that reason alone,
disqualified, and he may be permitted or required to serve if
he declare on oath that he will disregard such opinion alto-
gether, and base his verdict, exclusively, upon the law and the
evidence given at the trial.

ERROR from the district court for Otoe county. Tried
below before JESSEN, J. *Affirmed.*

*John C. Watson* and *Royal D. Stearns,* for plaintiff in
error.

*Frank N. Prout, Attorney General,* and *Norris Brown,
Deputy,* for the state.

SULLIVAN, C. J.

The defendant, Ernst Rottman, was tried and convicted on an information charging three distinct violations of the law (chapter 50, Compiled Statutes, 1901) regulating the license and sale of malt, spirituous and vinous liquors. Two specifications of error are discussed in the briefs. The objection to conviction upon the first count is based on the assumption that the offense therein alleged is an unauthorized sale of whisky, beer and alcohol to an unnamed person. If the assumption were warranted, the objection would doubtless be valid; but it is, we think, quite evident that the pleader did not intend to charge a sale contrary to the provisions of section 11 of the act. The information alleges, it is true, that some of the liquors unlawfully kept for sale were in fact sold, but this does not change or affect in any way the character of the pleading. The gravamen of the charge, as was said in *Hornberger v. State,* 47 Nebr., 40, was not the selling of the proscribed intoxicants, but the keeping of them for sale without a license or permit. The averment relating to sales made by the defendant was neither more nor less than a needless statement of an evidential fact. It is not a sufficient reason for a reversal of the sentence that some of the evidence used by the state to prove a criminal intent was set out in the information. The first count, it may be conceded, lacks artistic finish; it is somewhat crude in structure, but it charges, nevertheless, with adequate precision, the crime defined in section 20, and does not charge the essential elements of any other crime.

The other assignment of error discussed by counsel is grounded on the refusal of the court to sustain a challenge to a juror who entertained an opinion touching the question in issue. It appears from the *voir-dire* examination that the juror challenged had read an account of the transactions in which the prosecution had its origin, and had formed an opinion on the assumption that what he read was true. The opinion was not, however, a fixed or stub-

born one. The juror said he could disregard it altogether, and base his verdict exclusively upon the evidence given at the trial. In our judgment, the court did not err in overruling the challenge. Section 468 of the Criminal Code provides that if a juror has an opinion as to the guilt or innocence of the accused, based entirely upon rumor or newspaper reports, that fact alone will not disqualify him; and if he shall say on oath that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence, the court may, if satisfied that he is impartial, and will render such verdict, permit or require him to serve. This statute is constitutional, it means precisely what it says, and it answers completely defendant's objection to the juror Marple. *Basye v. State,* 45 Nebr., 261, 272; *Ward v. State,* 58 Nebr., 719.

The judgment is

AFFIRMED.